IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BILLY NETTLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-174-WKW |
| | ) | [WO] |
| HUNTER HURST and ALLEN SMITHERMAN, individually, | ) ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held on October 12, 2022, wherein the following proceedings were held and actions taken:

**1. PARTIES AND TRIAL COUNSEL APPEARING AT PRETRIAL HEARING**:

For Plaintiff, Billy Nettles ("Plaintiff" or "Mr. Nettles"): Terrell Eugene McCants

For Defendant Allen Smitherman: Fred L. Clements, Jr.

For Defendant Hunter Hurst: R. Warren Kinney III

**2. JURISDICTION AND VENUE:**

Subject matter jurisdiction is proper under 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue.

1

    3.    **PLEADINGS:** The following pleadings and amendments were allowed:

    a.    Plaintiff's Complaint (Doc. # 1)

    b.    Plaintiff's First Amended Complaint (Doc. # 27)

    d.    Defendant Allen Smitherman's Answer (Doc. # 34)

    e.    Defendant Hunter Hurst's Answer (Doc. # 37)

    4.    **CONTENTIONS OF THE PARTIES:**

**(a) Plaintiff:**

1. Mr. Nettles claims that Hunter Hurst and Allen Smitherman, while acting under the color of law, intentionally deprived him of his rights under the United States Constitution. Specifically, Mr. Nettles claims that Hurst and Smitherman violated his Fourteenth Amendment right to be free from the use of excessive force against him while being detained as a pretrial detainee. Hurst and Smitherman assaulted and beat Mr. Nettles without legal justification. Mr. Nettles has brought single, but individual, claims against both Allen Smitherman and Hunter Hurst, pursuant to 42 U.S.C. § 1983, for the alleged use of excessive force against him at the Chilton County Jail.

**(b) Defendants:**

1. Defendant Hunter Hurst assisted Rodney Hurst with the traffic stop and subsequent arrest of Mr. Nettles. After Mr. Nettles was placed in the back of

Hunter Hurst's patrol vehicle, Hunter Hurst never again came into any sort of physical contact with Mr. Nettles. As depicted on the body camera video of Eason Abraham, Mr. Nettles was assisted out of Hurst's patrol vehicle and escorted inside the Chilton County Jail by personnel of the jail, not by Hunter Hurst. Upon Mr. Nettles's arrival at the Chilton County Jail, he was no longer under Hunter Hurst's custody and control, and Hurst would no longer have any need to come into further physical contact with Mr. Nettles. Moreover, Hunter Hurst was not involved in the use of force incident at the jail. He could not therefore have violated any of Mr. Nettles's constitutional rights, and certainly not his Fourth Amendment rights.

2. Defendant Alan Smitherman is a Corrections Sergeant at the Chilton County Jail and was on-duty when Mr. Nettles arrived at the jail. Sergeant Smitherman observed that Mr. Nettles appeared intoxicated. Mr. Nettles was searched and then uncuffed by Officer Eason Abraham in the booking room. When asked whether he would take a breathalyzer test, Mr. Nettles declined. Sergeant Smitherman entered the property room to get Mr. Nettles a jail uniform and a property box when he heard a commotion in the booking room. Sergeant Smitherman observed Mr. Nettles on the floor with Corrections Officers Brian Ashworth and Eason Abraham attempting to secure him in handcuffs. Sergeant Smitherman knelt onto the floor on one knee, put his

3

hand on Mr. Nettles's back to keep him from getting up until he was secured in handcuffs. Sergeant Smitherman did not observe any other use of force on Mr. Nettles. Defendant Smitherman did not use excessive force against Mr. Nettles, and, therefore, did not violate Mr. Nettles's constitutional rights.

3. Defendants' Defenses:

   a. Defendants deny that they used any force at all.

   b. Defendants, alternatively, assert that the force used was not excessive under the circumstances.

   c. Defendants assert that the use of force, if any, was reasonable and necessary under the circumstances.

   d. Defendants are entitled to qualified immunity.

   e. Defendants deny that they violated Plaintiff's constitutional rights.

**5. STIPULATIONS BY AND BETWEEN THE PARTIES:**

   a. On March 8, 2019, Mr. Nettles was driving southbound on Interstate 65.

   b. Mr. Nettles drove a white-colored Ford F150.

   c. A traffic stop was executed on Mr. Nettles just south of the I-65 Exit 208 southbound offramp in Clanton, Alabama.

   d. The traffic stop was executed by Chilton County Deputy Sheriff Rodney Hurst.

   e. Deputy Rodney Hurst drove a silver-colored SUV marked with Chilton County Sheriff's Office.

f.  Defendant Hunter Hurst was the police officer employed by the City of Clanton.

g.  Officer Hurst assisted Deputy Rodney Hurst with the traffic stop.

h.  Officer Hurst drove a black and white colored SUV marked City of Clanton Police.

i.  Deputy Rodney Hurst wore glasses equipped with a camera that recorded the traffic stop on video.

j.  Deputy Rodney Hurst placed Mr. Nettles under arrest for Driving Under the Influence.

k.  The time of the arrest was approximately 3:50 p.m.

l.  Officer Hurst transported Mr. Nettles from I-65 to the Chilton County Jail.

m.  The Chilton County Jail is located in Clanton, Alabama.

n.  Defendant Allen Smitherman is employed at the Chilton County Jail as a corrections officer at the rank of sergeant.

o.  Sergeant Smitherman was on-duty at the Chilton County Jail when Mr. Nettles arrived with Officer Hunter Hurst.

p.  When Officer Hurst and Mr. Nettles arrived at the jail, Officer Hurst pulled his patrol SUV into the sallyport area of the jail.

q.  Mr. Nettles stepped out of Officer Hurst's patrol SUV into the sallyport area.

r.  Mr. Nettles was escorted from the sallyport, through a set of doors, into the booking area of the jail.

s.  Once inside the booking area, Mr. Nettles was uncuffed in front of the booking desk.

    t. No use of force incident occurred until after Mr. Nettles was in the booking room in front of the booking desk.

    u. Mr. Nettles was placed into a restraint chair.

    v. On March 9, 2019, Mr. Nettles was released on bond from the Chilton County Jail.

    w. On May 14, 2019, Mr. Nettles pled guilty to the charge of Driving Under the Influence.

**6.** The jury selection and trial, which is to last three days, is set for **November 7, 2022**, at **10:00 a.m.**, in **the Frank M. Johnson, Jr. U.S. Courthouse Complex, One Church Street, Courtroom 2-B, Montgomery, Alabama.**

**7.** If there is more than one case to be tried, a trial docket will be mailed to counsel for each party approximately one week prior to the start of the trial term.

**8.** The parties shall file any requested voir dire questions, motions *in limine* fully briefed, and proposed jury instructions and proposed verdict forms with legal citations, on or before **October 24, 2022**. The opposing party is DIRECTED to file a response to any motion *in limine* on or before **November 1, 2022**.

**9.** The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before **November 1, 2022**.

**10.** The parties shall jointly prepare and submit to chambers on or before **November 1, 2022**, three identical three-ringed binders, each containing one copy of pre-marked exhibits. The binder shall contain joint exhibits (*i.e.*, those exhibits

that are relevant, not subject to objections, and certain to be introduced at trial); Exhibits of Plaintiff that may be used, or that are or may be contested, denominated and numbered as Plaintiff's Exhibits; Exhibits of Defendants that may be used, or that are or may be contested, denominated and numbered as Defendants' Exhibits. On the same date, the parties shall submit to chambers three copies of the jointly prepared exhibit list, which shall delineate all objections to exhibits and responses to objections. The parties shall direct questions about this procedure to the law clerk assigned to the case.

11.  The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act, particularly with regard to redactions.

12.  All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order.

13.  The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines, and stipulations contained in this Order shall be binding on all parties unless modified by the court.

DONE this 27th day of October, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE